UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE R. HIGBEE, | No. 2:24-cv-00347-SCR |
| Plaintiff, | |
| v. | ORDER |
| LELAND DUDEK, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the reasons that follow, the Court will GRANT Plaintiff's motion for summary judgment and DENY the Commissioner's cross-motion for summary judgment. The matter will be remanded to the Commissioner for further proceedings.

As a preliminary matter, Plaintiff has filed a "motion to consider whether cases should be related" (ECF No. 11) wherein Plaintiff suggests the matter be reassigned to Magistrate Judge Kendall Newman. As Judge Newman has retired, the motion is DENIED.

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025, and pursuant to Fed. R. Civ. P. 25(d) is substituted as the defendant herein.

1

## I. PROCEDURAL BACKGROUND

In August 2016, Plaintiff applied for DIB, alleging disability beginning January 10, 2010. Administrative Record ("AR") 143.[2] Plaintiff later amended the alleged onset date to January 28, 2016. AR 450, 466. Plaintiff alleged disability due to ulcerative colitis and back problems. AR 59. The application was disapproved initially, and on reconsideration. Plaintiff then had a hearing before an administrative law judge ("ALJ") who issued a decision in June 2018 finding him not disabled. AR 22. Plaintiff appealed that decision to this Court, and Judge Newman issued a decision remanding for further proceedings.[3] Judge Newman accepted Plaintiff's argument that the ALJ had not provided clear and convincing reasons for discounting his subjective symptom testimony. In remanding the action, Judge Newman stated: "To be clear, the court is not determining plaintiff is in fact disabled." AR 516. On remand, a new administrative hearing was held before a different ALJ, Sara Gillis, on July 11, 2023. The ALJ found Plaintiff not disabled. AR 450-58.

Plaintiff filed this action on January 30, 2024. ECF No. 1. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (Plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), and 16 (Plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1956, and was 60 years old on the alleged onset date in 2016. AR 34, 467. Plaintiff went to school through the tenth grade and obtained a GED. AR 467. Plaintiff alleged disability based on ulcerative colitis and back pain. Plaintiff stated he had last worked in 2016, when he was released from his position as a janitor at a church. AR 34, 56, 468. Prior to working for about five years as a janitor, Plaintiff had worked as an ironworker for approximately 30 years. AR 467.

///

---

[2] The AR is electronically filed at ECF No. 8-2. Page references to the AR are to the number in the lower right corner of the page. For briefs, page references are to the CM/ECF generated header in the upper right corner.

[3] Judge Newman's decision in Case No. 2:19-cv-1176-KJN is in the record at AR 509 to 516.

Plaintiff testified he was unable to work due to the number of bathroom breaks he needed as a result of his ulcerative colitis. At the first hearing in 2018, Plaintiff testified that he had five or six bowel movements per day, usually 3 or 4 before noon, and that he would usually be in the bathroom 10 to 30 minutes. AR 38-39, 48-49. Similarly, at the hearing in 2023, Plaintiff testified he would go to the bathroom 3 or 4 times in the morning, and two or three in the afternoon. AR 470. The vocational expert (VE) at the original hearing testified that one or two unscheduled ten-minute breaks would not preclude employment. AR 53-54. The VE testified at the second hearing that three to four additional breaks of at least ten minutes would preclude employment. AR 486.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### IV.  RELEVANT LAW

A claimant is "disabled" if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

>Step four: Does the claimant's residual functional capacity make her capable of performing her past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

>Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

>1. [Step 1] The claimant has not engaged in substantial gainful activity since the amended onset date of January 28, 2016 through his date last insured of March 31, 2021. (AR 452).
>
>2. [Step 2] The claimant had the following severe impairments: degenerative disc disease of the lumbar spine and obesity. (AR 453).
>
>3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 26).

4. [Preparation for Step 4] The claimant has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c). (AR 455).

5. [Step 4] The claimant was capable of performing past relevant work as a janitor (AR 457). The ALJ found his past work "did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 457).

6. [Step 5] The ALJ did not make a finding at Step 5 because the ALJ found Plaintiff could return to his past relevant work as a janitor.

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 7, 2010,[4] the alleged onset date, through March 31, 2021, the date last insured. (AR 458).

## VI.  ANALYSIS

Plaintiff raises what is framed as one issue, but is actually three. Plaintiff argues: 1) the ALJ failed to follow this Court's remand order; 2) the ALJ improperly found Plaintiff's ulcerative colitis to be non-severe at Step 2; and 3) the ALJ improperly discounted Plaintiff's subjective symptom testimony. ECF No. 12-1 at 6. Defendant contends that the ALJ reasonably discounted Plaintiff's subjective symptom testimony and found his ulcerative colitis to be non-severe. ECF No. 14 at 6.

    A. <u>Failure to Follow the Remand Order</u>

Plaintiff contends that the matter was remanded "so the ALJ could provide a proper rationale on plaintiff's symptom testimony, and by extension, his disability allegations." ECF No. 12-1 at 9. Instead, the ALJ determined that Plaintiff's ulcerative colitis was not a severe impairment. *Id*. Defendant argues that the case was remanded so the ALJ could provide "further clarity" and that the Court recognized that might involve the ALJ setting forth a proper rationale for discounting the symptom testimony. ECF No. 14 at 9.

The Ninth Circuit has held "that the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016).[5] "The law of the case

---

[4] The ALJ erred in referring to the alleged onset date as January 2010. As correctly indicated earlier in the decision, January 2016 was the amended alleged onset date. AR 450.

[5] Although the parties argued the issue in general terms, they offered no specific briefing on the law of the case doctrine or rule of mandate.

6

doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id.* at 567. The doctrine is primarily concerned with efficiency and "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id*. The decision of whether to apply the doctrine is discretionary. *Id*.

The rule of mandate is similar, but applies more broadly. *Id.* at 567-68. The rule provides that when a district court receives a mandate from an appellate court, "it cannot vary or examine that mandate for any purpose other than executing it." *Id*. at 568. The court may decide issues not foreclosed by the mandate, but it is error to take actions that contradict the mandate. Whether an ALJ has complied with the remand order is a question of law that is reviewed de novo. *Id*.

The Court's prior order gave direction on remand for the ALJ to evaluate the testimony concerning the length and number of breaks required by Plaintiff's ulcerative colitis. The order stated, "nowhere in the decision can the court find the ALJ actually resolving plaintiff's testimony regarding the length of each needed bathroom break." AR 514. The Court noted that there was testimony that the bathroom breaks could be between 10 and 30 minutes, and that the ALJ appeared to have accepted they would be 10 minutes, but it was "unclear why 30-minute breaks were rejected." AR 514. The Court stated: "It appears the ALJ accepted a portion of plaintiff's testimony as true (regarding frequency of needed breaks), but there are outstanding questions as to the length of these breaks and how that affects plaintiff's ability to work." AR 516. The Court repeated several times that the ALJ's rationale was unclear and stated, "remand for further proceedings is required so the ALJ can set forth a proper rationale on plaintiff's symptom testimony, and by extension, his disability allegations." AR 516.

The ALJ recognized the purpose and scope of the remand was "to consider the length of the claimant's breaks and how they affect his ability to work" (AR 450). Instead of evaluating Plaintiff's symptom testimony and resolving how many breaks and of what duration Plaintiff needed—or providing clear and convincing reasons for rejecting that testimony—the ALJ determined that ulcerative colitis was not a severe impairment. This was impermissible.

///

In *Sanchez v. Astrue*, 2012 WL 3704756 (E.D. Cal. Aug. 27, 2012), a judge of this Court stated: "District courts within the Ninth Circuit have applied the law of the case doctrine and the rule of mandate doctrine to social security cases and found that reversal was warranted when the subsequent ALJ decision exceeded the scope of and/or contravened a district court's remand order." *Id.* at *11. The court in *Sanchez* found that the "ALJ's revision of Plaintiff's RFC to one less favorable to Plaintiff goes beyond the scope of the district court's remand order." *Id.* at *14. The court further elaborated:

> [T]he district court did not invite the ALJ to revise Plaintiff's RFC but instead directed the ALJ to explain the discrepancies between the ALJ's RFC determination that Plaintiff was unable to read and write with the finding that Plaintiff could perform jobs that required reading and writing under the DOT. The ALJ's revision of the RFC in the second October 22, 2012, administrative decision that Plaintiff could, in fact, read and write exceeds the letter and the spirit of the remand order.

*Id.* Similarly here, the matter was remanded for the ALJ to explain consideration of Plaintiff's subjective symptom testimony, and why it had been partially rejected such that the first ALJ included in the RFC that Plaintiff "would require being no more than a five minute walk from a restroom and additionally would require one-unscheduled break over the course of an 8-hour workday, of no more than 10 minutes duration." AR 18-19. Instead of clearly providing a rationale for the evaluation of subjective symptom testimony concerning the number of breaks and duration, the ALJ at the second hearing went back to Step 2 and found the ulcerative colitis non-severe. Going back to an earlier step in the five-step analysis and making a determination adverse to Plaintiff violated the scope and spirit of the remand order. *See also Ramirez v. O'Malley*, 2024 WL 4763686, at *1 (9th Cir. 2024) ("We conclude that the ALJ's finding on remand that Ramirez's RFC was less limited than previously decided violated the rule of mandate."); *D'Ambrosio v. Comm'r of Soc. Sec.*, 2024 WL 3164535, at *6 (E.D. Cal. June 25, 2024) ("[the first ALJ's] favorable findings, namely her RFC determination were not appealed and thus were not disturbed by the remand order. [the second ALJ] was therefore not authorized to revisit Plaintiff's RFC in toto, much less to render a new RFC finding that was less favorable

///

to Plaintiff.") (cleaned up).  That Plaintiff's ulcerative colitis was a severe impairment at step two was law of the case, and the second ALJ's decision exceeded the scope of remand.

B. Step Two Finding

Even if it had been appropriate to reevaluate step two on remand, the ALJ erred.  At step two, "the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities.  *See Webb v. Barnhart*, 433 F.3d 684, 686 (9th Cir. 2005) (citing 20 C.F.R. § 404.1520).  "If the ALJ finds that the claimant lacks a medically severe impairment, the ALJ must find the claimant not to be disabled."  *Id*. at 686.  Step two is a "de minimis screening device used to dispose of groundless claims."  *Id.* at 687 (internal citation omitted).  If an ALJ is unable to determine clearly the effect of an impairment on an individual's ability to do basic work activities, then the sequential evaluation should not end with a step two finding of not severe.  *Id.* (citing Social Security Rule ("SSR") 85-28).

The Ninth Circuit recently reiterated these principles concerning step two: "Each time we have reviewed an ALJ's step-two analysis, we have reiterated the corollary principles that claimants need only make a de minimis showing for the analysis to proceed past this step and that properly denying a claim at step two requires an unambiguous record showing only minimal limitations."  *Glanden v. Kijakazi*, 86 F.4th 838, 843-44 (9th Cir. 2023).  The Circuit referred to step two as a "low bar," utilized to "screen[] out only groundless claims."  *Id.* at 845.

Here, the ALJ erred in finding Plaintiff's ulcerative colitis was non-severe at step two. The ALJ's decision reflects a misunderstanding of ulcerative colitis and of Plaintiff's testimony. The ALJ states that Plaintiff testified "medication helps with the bleeding, but he continues to have **urinary** urgency."  AR 453 (emphasis added).  The ALJ further stated: "There is no objective medical evidence of ongoing **urinary** urgency at the frequency the claimant described during the hearing."  AR 453 (emphasis added).  Ulcerative colitis "is a chronic inflammatory and ulcerative disease arising in the colonic mucosa, characterized most often by bloody diarrhea." *Davidson v. Astrue*, 2011 WL4498836, *3 (D. Or. Sept. 27, 2011) (citing *The Merck Manual of Diagnosis & Therapy* 172 (Robert S. Porter & Justin L. Kaplan eds. 19th ed. 2011)) .  Symptoms

of ulcerative colitis include diarrhea, rectal bleeding, belly pain and cramping, urgency to pass stool, fatigue, and fever.[6]  Given these known symptoms of ulcerative colitis, the ALJ's focus on **urinary** frequency is perplexing.

There is no testimony at either of the two hearings about urinary frequency.  There is abundant testimony, as to be expected when dealing with ulcerative colitis, about bowel movements.  The ALJ found Plaintiff's ulcerative colitis to be non-severe in part because there was no objective evidence of urinary urgency (AR 453).  This was clear error.

Plaintiff was diagnosed with ulcerative colitis in 2009.  AR 295.  A colonoscopy in 2011 showed mild colitis.  AR 288.  At a 2011 gastroenterology follow up, Plaintiff reported "more frequent BMs [bowel movements] recently with blood in stool."  AR 290.  In 2015, Plaintiff reported to his provider "frequent bloody BMs since 1.5 weeks ago," while at that time taking Lialda, a medication used to treat ulcerative colitis.  AR 267.  Office notes from May 2016, reflect "UC [ulcerative colitis] not well controlled, getting 4 LS [loose stools] in am with minimal bleeding."  AR 259.  At a consult in December 2017, Plaintiff reported "urgent bowel movements in the AM," although the impression/recommendation from that consult was that his "left-sided ulcerative colitis, remission."  AR 442.

This is sufficient to pass the step two de minimis threshold, and was found to be sufficient by the ALJ at the first administrative hearing in 2018.  AR 17.  Social Security Rule 85-28 provides that when a non-severe "finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process."  1985 WL 56856 at *3.  Further, SSR 85-28 states: "Great care should be exercised in applying the not severe impairment concept.  If an adjudication is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step."  *Id.* at *4.  Given the two ALJs in this case reached differing conclusions, the non-severity determination was obviously not

///

---

[6] *See* MAYO CLINIC, https:www.mayoclinic.org/diseases-conditions/ulcerative-colitis/symptoms-causes/syc-20353326 (last visited March 28, 2025).

"clearly established by medical evidence." The ALJ erred in finding ulcerative colitis was not a severe impairment at step two.

### C. Consideration of Subjective Symptom Testimony

An ALJ must provide "specific, clear, and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). This standard requires ALJs "to show [their] work," but "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The prior remand order explained how this clear and convincing standard was not met. AR 513-516. The Court explained that it would be possible for an ALJ to discount the testimony, but it would "require a clear rationale for doing so." AR 516. The second ALJ decision did not meet this standard either. In fact, the decision appears dismissive of the symptom testimony, perhaps because, as set forth above, the ALJ incorrectly considered the need for breaks to relate to urinary frequency rather than bowel movements. When discussing Plaintiff's symptoms, the ALJ concludes "claimant's allegations of physical impairments are not fully consistent with the evidence," but that discussion includes no mention of his ulcerative colitis symptoms. AR 455-56. In discussing Step 5, the ALJ mentions the need for breaks, but only to say that the VE testified work would be available if Plaintiff needed one unscheduled 10-minute break. AR 458. The ALJ adds: "The undersigned further notes that frequency of breaks is not documented in the medical evidence of record." AR 458. This conclusion is not supported. As set forth above, there are several instances in the medical records where Plaintiff discusses the frequency and urgency of his bowel movements with medical providers.

### D. Plaintiff's request for immediate award of benefits

Plaintiff argues that the Court should remand for an immediate award of benefits because further administrative proceedings would be "fruitless." ECF No. 12-1 at 10. Under the "ordinary remand rule," remand is appropriate where the record before the agency does not support the decision, the agency has not considered all the relevant factors, or the reviewing court cannot evaluate the challenged agency action on the basis of the record before it. *Treichler v.*

11

*Comm. of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Under such circumstances, remand to the agency is appropriate "for additional investigation or explanation." *Id.* Plaintiff suggests the Court should "credit as true" his testimony and make an immediate award of benefits.

The Court has the power to remand for further proceedings, or for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). "Courts have generally exercised this power [to award benefits] when it is clear from the record that a claimant is entitled to benefits." *Id*. The Ninth Circuit has developed a "credit-as-true" standard under which the Court may remand for an award of benefits if: 1) the record has been fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. at 1020. Even if all the conditions are met, remand for an immediate award of benefits is not mandated. *Id.* at 1020-21 (citing *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003)). "[W]hen the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled," remand for further proceedings is appropriate. *Id*. at 1021.

Applying the three-factor test, the record appears fully developed, Plaintiff has testified twice about his symptoms, and the relevant time period for determining disability was 2016 to 2021. On the second factor, the ALJ failed to provide legally sufficient reasons for discounting the symptom testimony on two occasions. If credited as true, the testimony would perhaps require a finding of disability, but as discussed in Judge Newman's prior Order, it depends on what factual findings are made as to the frequency and duration of needed breaks. The testimony was somewhat ambiguous as to the usual duration—10 to 30 minutes—and about at what time of day the breaks were needed. Plaintiff had testified "if things are working" he could "maybe" get out in 10 minutes, but also stated he was "basically" in the restroom for 10 to 30 minutes. AR 49. As Judge Newman stated: "If plaintiff's testimony is to be believed, either (a) the RFC would need to account for the number of breaks actually testified to during the 9-5 hours, or (b) the jobs referenced by the VE would need to be eroded to account for evening work (assuming plaintiff could start work after the worst of his morning symptoms)." AR 514.

Even if the three-factor credit-as-true test is met, the Court would not remand for an immediate award of benefits because the record does cause doubt as to whether Plaintiff was disabled in the relevant period. As set forth in Defendant's briefing (ECF No. 14 at 7-8) there is evidence of record that Plaintiff's ulcerative colitis improved with treatment in the 2017 and 2018 time period. There is also evidence in the record of activities of daily living that may be inconsistent with a finding of disability. Plaintiff testified to taking two 30 minutes walks per day, riding an exercise bike daily, and weightlifting. AR 41-42. Plaintiff also testified that while he was employed, his ulcerative colitis did not cause him to be absent from work. AR 469.

## VII. CONCLUSION

The ALJ's decision exceeded the scope of the prior remand order. The ALJ erred at step two in finding that Plaintiff's ulcerative colitis was non-severe. The ALJ did not perform the analysis required by the remand order. Although the ALJ recognized the purpose of the remand was "to consider the length of the claimant's breaks and how they affect his ability to work" (AR 450), the ALJ did not perform that task. The Court finds that remand for further proceedings is appropriate.

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion to consider relating cases (ECF No. 11) is DENIED;
2. Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED;
3. The Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED;
4. This matter is REMANDED to the Commissioner for further consideration of Plaintiff's subjective symptom testimony, particularly as related to ulcerative colitis and the number and duration of breaks needed. After that determination is made and accounted for in the RFC, the ALJ may proceed with the sequential five step evaluation; and

///
///
///
///

5. The Clerk shall enter Judgment for Plaintiff and close this case.

SO ORDERED.

DATED: April 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE